# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| QUINTON EDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-051 |
| | ) | |
| BROOKS L. BENTON, | ) | |
| C. BETTERSON, LOVE, | ) | |
| C. WORTHEN, R. WILLIAMS, | ) | |
| AWE, and GATEWOOD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are plaintiff's motions for leave to amend his complaint, reconsideration of the Court's denial to appoint counsel, and for an extension of time to comply with the Court's Order of February 22, 2021. Doc. 8; doc. 9; doc. 10. For the below discussed reasons, these motions are **DENIED**.

Plaintiff seeks to amend his complaint to add the Georgia Department of Corrections as a named defendant. Doc. 8. Generally, a plaintiff is permitted to amend his complaint one time as a matter of course during the initial stages of a case. Fed. R Civ. P. 15(a)(1). The Court is not obligated to permit such amendment, however, when it would

introduce a transparently frivolous or non-meritorious claim. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). The Georgia Department of Corrections, as an instrumentality of the State of Georgia, enjoys immunity from suit under the Eleventh Amendment to the United States Constitution. *Stevens v. Gay*, 846 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections." (citing *Alabama v. Pugh*, 483 U.S. 781, 782 (1978))); *see also Leonard v. Dep't of Corr.*, 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh Amendment bars suit against the Georgia Department of Corrections). As any claim against the Georgia Department of Corrections would be futile, the motion to amend is **DENIED**. Doc. 8.

Plaintiff has also filed a motion seeking reconsideration of the Court's denial of his motion for the appointment of counsel. Doc. 11. In denying the motion, the Court observed that the symptoms of multiple sclerosis might present a sufficient impediment to a litigant's ability to prosecute his case to warrant the appointment of counsel but concluded that plaintiff's current symptoms had not yet reached that level of severity. Doc. 7 at 2–3 (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838–

39 (10th Cir. 1985)). Plaintiff now alleges that he is unable to write his submissions and that his prior pleadings were drafted with the assistance of prison legal aid. Doc. 9 at 1–2.

As the Court explained in its prior Order, though the Court may appoint counsel in a civil case, it should do so only in "exceptional circumstances." *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). In this circuit, the relevant consideration for whether the appointment of counsel is appropriate "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). To date, plaintiff has made numerous filings in this case, including his initial complaint and six other motions or requests. *See* docs. 1, 2–4, 8, 9, & 11. Though he alleges that these filings were prepared with assistance, it does not appear that plaintiff is unable to present his case at this time. Therefore, the motion for reconsideration is **DENIED**. Doc. 9

Plaintiff has also filed a motion seeking an extension of the deadline for return of his Consent to Collection of Fees from Trust Account and Prisoner Trust Account Statement.  Doc. 11  Both of these forms have now been received by the Court.  Doc. 10; doc. 12.  Therefore, the motion for an extension of time is **DENIED as moot**.  Doc. 11.

**SO ORDERED**, this 22nd day of March, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA