IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

QUINTON EDMOND,

    Plaintiff,

v.

BROOKS L. BENTON, et al.,

    Defendants.

CIVIL ACTION NO.: 4:21-cv-51

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Betterson, Love, Worthen, and Williams and Plaintiff's ADA claims. However, I **FIND** Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against Defendants Awe, Gatewood, and Benton may proceed.

### PLAINTIFF'S CLAIMS[1]

Plaintiff brings this suit under § 1983 and the ADA relating to the treatment, or lack thereof, he received for his multiple sclerosis ("MS") while incarcerated at Coastal State Prison. Doc. 1. Plaintiff explains he was diagnosed with MS at 21, prior to his incarceration. Id. at 4. Plaintiff's MS was well-managed by medication prior to and at the outset of his incarceration. Id. However, once he was transferred to Coastal State Prison, Defendant Awe changed

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff's MS medication and his condition began to rapidly deteriorate. Id. at 5. Eventually, Plaintiff had to be hospitalized due to complications from his MS and neglect by the prison medical staff, including Defendant Awe. Id. at 6. Even after Plaintiff's hospitalization, Defendant Awe failed to adjust Plaintiff's MS medication, continuing the same inappropriate treatment. Id. at 6–7. Along with Defendant Awe, Defendants Benton and Gatewood failed to provided Plaintiff with the correct medication. Id. at 5, 8–9. As a result, Plaintiff's condition has continued to worsen. Id. at 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I.   **Failure to State a Claim–Defendants Love, Worthen, Williams, and Betterson**

Plaintiff fails to state a claim against Defendants Love, Worthen, Williams, and Betterson relating to his Eighth Amendment claim.  The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  As to these Defendants, Plaintiff fails to describe how they were involved in decisions to deny him treatment for his MS.

To the extent Plaintiff seeks to hold Defendants Love, Worthen, Williams, and Betterson liable for the acts of their subordinates without alleging any personal involvement, his claim also fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.

3

1990)).  As noted above, Plaintiff has not alleged Defendants Love, Worthen, Williams, and Betterson participated in the events forming the basis of any of Plaintiff's claims.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Love, Worthen, Williams, and Betterson and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants Love, Worthen, Williams, and Betterson.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Love, Worthen, Williams, and Betterson.

## II. Plaintiff's ADA Claim Fails

Plaintiff also asserts claims under Title II of the ADA, alleging he was discriminated against because of his MS.  Doc. 1 at 1, 10.  Title II of the ADA prohibits public entities from discriminating against disabled individuals, including prisoners in state correctional facilities.

4

See 42 U.S.C § 12132; Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).  Under Title II of the ADA, a plaintiff must plead and ultimately show three elements:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Am. Ass'n of People with Disabilities v. Harris, 647 F.3d 1093, 1101 (11th Cir. 2011).  Plaintiff fails to allege what, if any, benefit he was denied.  Instead, Plaintiff's Complaint focuses on the lack of medical treatment for his MS.  Doc. 1 at 4–9.  Further, Plaintiff fails to name a public entity as a Defendant, instead naming only prison officials.  "Only public entities are liable for violations of Title II of the ADA."  Hunt v. Warden, 748 F. App'x 894, 898 (11th Cir. 2018); see 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").  That is, "Individuals and private entities . . . are not subject to liability under Title II of the ADA."  Brennan v. Thomas, 780 F. App'x 813, 822 (11th Cir. 2019) (citing Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010)).  Defendants are not public entities, but are instead individuals, and, thus, cannot be held liable under Title II.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims under the ADA.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Betterson, Love, Worthen, and Williams and Plaintiff's ADA claims.  However, I **FIND** Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against Defendants Awe, Gatewood, and Benton may proceed.

5

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA