IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

QUINTON EDMOND,

    Plaintiff,

    v.

BROOKS L. BENTON, et al.,

    Defendants.

CIVIL ACTION NO.: 4:21-cv-51

## O R D E R

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated December 23, 2021. (Doc. 18.) In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's claims against Defendants Betterson, Love, Worthen, and Williams and Plaintiff's Title II of the Americans with Disabilities Act ("ADA") claim. (Doc. 16, p. 1.) However, Plaintiff was permitted to proceed with his Eighth Amendment claim against Defendants Awe, Gatewood, and Benton. (Id.)

### DISCUSSION

Plaintiff has filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. 18.) Plaintiff only objects to the Magistrate Judge's recommendation to dismiss his ADA claim. (Id.) Additionally, in his Objections, Plaintiff asks the Court to appoint him an attorney. (Id. at p. 2.) The Court now conducts an independent and de novo review of the entire record and the Magistrate Judge's Report, addresses Plaintiff's Objections, and considers his request for appointed counsel.

I.  **Plaintiff's ADA Claim**

The Magistrate Judge recommended the Court dismiss Plaintiff's ADA claim because he failed to name a public entity as a Defendant and, thus, failed to state a claim. (Doc. 16, pp. 4–5.) In his Objections to the Report, Plaintiff seeks to amend his Complaint to bring his ADA claim against the Georgia of Corrections ("GDOC") and Coastal State Prison, which he contends are public entities subject to suit under Title II of the ADA. (Doc. 18, pp. 1–2.)

State agencies and prisons are considered "public entities" which may be sued under the ADA. United States v. Georgia, 546 U.S. 151, 154 (2006); 42 U.S.C. § 12131(1); see e.g., Davis v. Ga. Dep't of Corr., No. CV 311-009, 2011 WL 1882441, at *5 (S.D. Ga. April 11, 2011). Thus, GDOC and Coastal State Prison are entities subject suit under the ADA.

Accordingly, the Court **SUSTAINS** Plaintiff's Objections and rejects the Magistrate Judge's recommendation to dismiss Plaintiff's ADA claims in light of his amendment. Plaintiff will be permitted to proceed with ADA claim claims against GDOC and Coastal State Prison. Further, the Court **DIRECTS** the Clerk of Court to add the Georgia Department of Corrections and Coastal State Prison as Defendants upon the docket of this case. Finally, the Court **DIRECTS** the Magistrate Judge to order service on Defendants GDOC and Coastal State Prison, serving them with Plaintiff's Complaint, the Report and Recommendation, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, and a copy of this Order.

II. **Plaintiff's Request for Appointed Counsel**

In his Objections, Plaintiff also requests the Court appoint counsel to represent him in this case. (Doc. 18, p. 2.) Plaintiff explains he has difficulty writing because of his multiple sclerosis and has been receiving help from "legal aids" to pursue his case thus far. (Id.)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Further, though Plaintiff has attributed his conduct thus far in his case to "legal aids," he has demonstrated the ability to pursue his case, including by filing meritorious Objections. For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS in part** with the Magistrate Judge's Report and Recommendation and **ADOPTS in part** the Report as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims against Defendants

Betterson, Love, Worthen, and Williams.  However, the Court **SUSTAINS** Plaintiff's Objections and permits him to proceed with his ADA claim against GDOC and Coastal State Prison.  Additionally, Plaintiff is permitted to proceed with his Eighth Amendment claim against Defendants Awe, Gatewood, and Benton.  The Court **DIRECTS** the Clerk of Court to add GDOC and Coastal State Prison as Defendants and the Magistrate Judge to order service on these Defendants, serving them with Plaintiff's Complaint, the Report and Recommendation, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, and a copy of this Order.  Finally, the Court **DENIES** Plaintiff's request for appointed counsel.

      **SO ORDERED**, this 18th day of January, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA